INDEPENDENT PETROLEUM WORK-
ERS OF AMERICA, INC.

v.

AMERICAN OIL COMPANY, a Mary-
land corporation.

No. 3090.

United States District Court
N. D. Indiana,
Hammond Division.

March 13, 1963.

William Belshaw, Whiting, Ind., for plaintiff.

Daniel Kelly (of Tinkham, Beckman, Kelly & Singleton), Hammond, Ind., for defendant.

BEAMER, District Judge.

The plaintiff brought this action to compel arbitration pursuant to Section 301 of the Labor Management Relations Act of 1947, (29 U.S.C. § 185).

In Paragraph I of its amended complaint, plaintiff alleges that defendant refused to arbitrate grievances growing out of alleged violations of the collective bargaining agreement. The alleged violations consisted of contracting out crane operating work which plaintiff contends should have been performed by employees of the crane operating department. The plaintiff asserts that contracting out work violated Article I of the collective bargaining agreement and the established practices, policies, customs and usages relative to working conditions.

Defendants admit that plaintiff filed the grievance in accordance with procedure outlined in the collective bargaining agreement; that negotiations did not result in settlement of the dispute; and that defendant refused plaintiff's request to arbitrate on grounds that the dispute did not fall within the arbitration clause of the contract.

Thereafter, both parties filed a Motion for Summary Judgment with supporting affidavits as to Paragraph I of the amended complaint. Defendant also filed a Motion for Summary Judgment addressed to Paragraph II of the amended complaint, which the plaintiff opposes.

Paragraph I of the complaint involves the alleged violation of Article I of the collective bargaining agreement. Paragraph II involves the alleged violation of established policies, practices, customs and usages relative to working conditions.

The parties agree that there is no genuine issue as to any material fact insofar as the allegations of Paragraph I of the amended complaint are concerned.

Plaintiff contends that its Motion for Summary Judgment must be sustained by virtue of the teachings of United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 409 (1960). Defendant contends that (1) the arbitration clause in the contract is limited and does not embrace the dispute covered by plaintiff's grievance; (2) that this matter has been settled by the Court of Appeals for the Seventh Circuit in the case of Independent Petroleum Workers, etc., v. Standard Oil Co., 275 F.2d 706 (1960), which case inquires into the same contract between the same parties, and virtually the same set of facts as are involved in this dispute; and (3) that the claim of the plaintiff is frivolous in that the alleged acts could not possibly be in violation of Section I of the collective bargaining agreement which is the recognition clause of the contract.

The arbitration clause of the collective bargaining agreement, Article II, Section 10, page 5, reads as follows:

A. Questions which may be referred to arbitration shall be limited to:

1. Questions directly involving or arising from applications, interpretations or alleged violations of the terms of this agreement.

2. Questions directly involving or arising from applications, interpretations or alleged violations of the terms of arbitration awards and written agreements not incorporated in this Agreement.

3. Questions of applications or interpretations of or alleged noncompliance with past policies, practices, customs or usages relative to working conditions, and grievances arising from:

(a) the modification by the Company of any of said policies, practices, customs and usages, or

(b) the discontinuance by the Company of any of said policies, practices, customs and usages, or

(c) the establishment by the Company of new policies, practices, customs or usages during the term of this Agreement.

Defendant contends that the arbitration clause is limited in scope and does not cover the contracting out work dispute contained in the plaintiff's grievance. In the light of the Supreme Court's decision in United Steelworkers of America v. Warrior Navigation Co., supra, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, I cannot agree with defendant's contentions. That case also involved a contracting out work dispute. The contract there had a broad arbitration clause but it also contained a provision which said that "matters which are strictly a function of management shall not be subject to arbitration". Id. at 577, 80 S.Ct. at 1350. The Court of Appeals held that contracting out work was strictly a matter of management and therefore not subject to arbitration. See United Steelworkers of America v. Warrior & Gulf Navigation Company, 5 Cir., 269 F.2d 633 (1959). The Supreme Court reversed and in discussing the duty of the Court to order arbitration said:

An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause

is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

We do not agree with the lower courts that contracting-out grievances were necessarily excepted from the grievance procedure of this agreement. To be sure, the agreement provides that 'matters which are strictly a function of management shall not be subject to arbitration.' But it goes on to say that if 'differences' arise or if 'any local trouble of any kind' arises, the grievance procedure shall be applicable.

In the instant case, Section 10A(1) of the arbitration clause provides that arbitration may be had as to questions directly involved in or arising out of the applications, interpretations or alleged violations of the terms of the collective bargaining agreement. Plaintiff alleges a violation of the collective bargaining agreement as a result of contracting-out work. The contract provides for arbitration of "alleged violations of the terms of this agreement". Therefore, under the language of the Supreme Court in Warrior, at page 585, 80 S.Ct. at page 1354, this dispute must be submitted to arbitration. No matter how strongly the Court may feel as to the lack of merit in the plaintiff's claim, it cannot deny arbitration if the arbitration clause is applicable, for by so doing, it would be passing on the merits of plaintiff's complaint, which is prohibited. Id.

The case of Independent Petroleum Workers v. Standard Oil Co., 7 Cir., 275 F.2d 706 (1960), which the defendant relies on as being dispositive of this question, would be persuasive except for the fact that that case, which also involved the contracting out of work, was decided on Section 10A(3) of the arbitration clause which deals with policies, practices, customs or usages relative to working conditions. The Court held that the grievance there did not involve working conditions. Moreover, that case was decided prior to the decision of the Supreme Court in Warrior. In its holding, the Court of Appeals relied very heavily upon the case of United Steelworkers of America v. Warrior & Gulf Navigation Company, 269 F.2d 633 (1959), the decision of the Fifth Circuit which the Supreme Court subsequently reversed. Had Warrior been decided by the Supreme Court prior to Independent Petroleum Workers v. Standard Oil Co., I think the outcome would have been different.

## ORDER

The Motion of the plaintiff for Summary Judgment as to Paragraph I of the amended complaint is granted.

Defendant's motion for Summary Judgment as to Paragraph I of the amended complaint is denied.

Defendant's Motion for Summary Judgment as to Paragraph II of the amended complaint is denied.

Since the questions raised by Paragraph II of the amended complaint are now moot, Paragraph II is ordered dismissed.